UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RODNEY L. GARROTT,<br><br>                    Plaintiff,<br><br>     v.<br><br>KEVIN BOWEN, et al.,<br><br>                    Defendants. | No.  CV-11-0133-EFS<br><br>**ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO COMPEL** |

This matter comes before the Court on Plaintiff Rodney L. Garrott's Motion for Entry of Default Judgment, ECF No. 40. In its April 10, 2013 Order, ECF No. 44, the Court found that default judgment was not warranted and instead construed Plaintiff's filing as a motion to compel the return of his legal and personal property, which he alleges is being held by the Washington State Department of Corrections ("DOC"). In its Order, the Court directed Plaintiff to submit a supplemental declaration specifically identifying the property he sought to have returned:

> [Plaintiff's] motion and supporting declaration only identify the requested material as "legal/personal property," and do not indicate what this property is or why he needs it to allow him to pursue his specific claims in this case. Plaintiff must provide the Court this detail by filing another declaration which 1) **sufficiently and specifically** identifies each legal document or piece of property which he seeks to have returned to him, in a manner sufficient to enable Defendants to locate it, and 2)

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO COMPEL - 1

```
```

> describes why that document or property is necessary to allow him to pursue his claims before this Court. Each item he so identifies must be separately numbered.

*Id.* (emphasis in original).

Plaintiff filed his supplemental declaration on April 23, 2013. In that declaration, Plaintiff indicates that some of the allegedly seized property includes personal property, including "running shoes, 5 CDs, 4 casette [sic] tapes [and] catalogs of beautiful women and cars[.]" ECF No. 45, at 3. Plaintiff has made no showing why he requires access to these items to pursue his claims in this litigation. Because Plaintiff has cited to no legal authority which would permit the Court to compel Defendants to return this property to him, the Court finds no basis to do so.

As to his allegedly seized legal materials which could aid him in the present suit, Plaintiff omits necessary details about that property, despite the Court's clear instruction to the contrary. After describing the history of his transfers between various DOC facilities, Plaintiff concludes by stating that his current facility, the Airway Heights Corrections Center ("AHCC"), has custody of seven boxes of his legal material. *Id.* at 4. He also states that he believes he "now [has] approximately 13 boxes" in total, *id.;* however, he does not state where these other six boxes are located or what they contain. In sum, beyond the seven boxes apparently located at AHCC, the Court cannot discern from Plaintiff's disjointed declaration what additional property he has and who has custody of it. Absent these details, the Court can only address the seven boxes allegedly in the custody of AHCC.

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO COMPEL ~ 2

On May 2, 2013, in response to Plaintiff's declaration, Defendants submitted a declaration by Risa Klemme, a DOC employee who serves as the Legal Liaison Officer for AHCC and is the custodian of records for offender property. ECF No. 46. Ms. Klemme indicates that Plaintiff was transferred to the Stafford Creek Corrections Center (SCCC) on April 25, 2013, and that at the time of his transfer, he had seven boxes of property left at AHCC that were not shipped with him. It is unclear whether these are the same seven boxes Plaintiff seeks access to, but only three of those boxes are marked as containing legal property. *Id.* at 2. Importantly, however, Ms. Klemme indicates that she has never received a kite or other message from Plaintiff requesting to swap out property or access legal property in storage. *Id.*

In response to Ms. Klemme's declaration, Plaintiff indicates that he has now regained access to some of his property. ECF No. 47, at 2. Plaintiff alleges that he "sought access to legal boxes on or about 04/09/13, and 04/04/13 (through SMU counselor and property [sergeant], respectively)." *Id.* However, Plaintiff has provided no written copies of these communications or the responses thereto. It is unclear whether these have been informal oral requests or actual written requests. In any event, those requests appear to not have reached the correct party. Based on the declaration of Ms. Klemme, Plaintiff must direct his written requests to the property officer.

Plaintiff has failed to demonstrate he is unable to access his legal material by following standard DOC or AHCC procedure. Accordingly, Plaintiff's motion to compel is denied. Plaintiff may

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO COMPEL ~ 3

avail himself of the kite or administrative grievance process to obtain access to his legal material. If — and only if — he is unable to obtain his legal property by following these procedures, he may renew his motion to compel with this Court. But if he seeks to renew the motion, he must provide evidence that he has attempted (and has been unsuccessful in) following the appropriate DOC process for obtaining access to his property. In particular, he must attach documentary evidence (including copies of kites or other communication, and DOC's responses thereto) of his unsuccessful attempts to gain access to his property.

    For the foregoing reasons, **IT IS HEREBY ORDERED**: Plaintiff's construed motion to compel, **ECF No. 40**, is **DENIED** with leave to renew, as set forth above.

    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and defense counsel.

    **DATED** this  14th  day of May 2013.

                                          s/ Edward F. Shea
                                            EDWARD F. SHEA
                              Senior United States District Judge