UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RODNEY L. GARROTT,<br><br>            Plaintiff,<br><br>      v.<br><br>KEVIN BOWEN, et al.,<br><br>            Defendants. | CV-11-0133-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 79. The motion was heard without oral argument.

Plaintiff Rodney Garrott is a Washington State inmate currently detained in the Coyote Ridge Corrections Center. In 2011, plaintiff filed a civil rights action against several state prison officials and employees, alleging that they violated his constitutional rights by transferring him from the McNeil Island Corrections Center (MICC) to the Coyote Ridge Corrections Center (CRCC) in retaliation for his litigation in another matter. Additionally, plaintiff alleges his rights were violated by denial of access to his legal files and the law library at CRCC, and by failing to timely forward mail to the Airway Heights Corrections Center (AHCC) that had been sent to him at CRCC by the Ninth Circuit Court of Appeals. Plaintiff's claims are based on 42 U.S.C. § 1983. Defendant now moves for summary judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

**MOTION STANDARD**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 324; *Anderson*, 477 U.S. at 250.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Further, a plaintiff cannot rest upon the allegations in his complaint, but must establish each element of his claim with "significant probative evidence tending to support the complaint." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

favor." *Anderson*, 477 U.S. at 255. To defeat a motion for summary judgment, per Rule 56(c), the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986). However, the mere existence of some evidence in support of the non-moving party will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the non-moving party on that issue. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. *Id*.

## FACTS

For purposes of defendant's Motion for Summary Judgment, the facts are presented in the light most favorable to plaintiff, the non-moving party.

Defendants Kevin Bowen, Renee Chun Fook, Jason Noah, Randy Smith, and Cynthia Meade are current and former employees of the Washington State Department of Corrections. Plaintiff Rodney Garrott is a Washington State inmate in the custody of the Washington State Department of Corrections. In February 2010 he was an inmate at McNeil Island Corrections Center (MICC) and was transferred to the Coyote Ridge Corrections Center (CRCC) in Connell, Washington.

Soon after his transfer from MICC to CRCC, plaintiff contacted his counselor at CRCC, defendant Jason Noah. Plaintiff raised concerns about his transfer to CRCC, his access to legal property, and his access to the prison law library. Defendant Noah provided plaintiff with information to contact the departments at CRCC that could resolve his property and law library access issues. Defendant Noah's duties as a counselor did not include responsibility for issuing inmate property or for scheduling inmates for law library access.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

On February 8 or 9, 2010, defendant Noah received a call at CRCC from plaintiff's attorney, Mr. Evan Oshan, requesting to speak to plaintiff regarding some pending litigation and for assistance from defendant Noah in getting a declaration from plaintiff to Mr. Oshan that day or the next day. Defendant Noah arranged for a call between attorney Oshan and plaintiff and he then faxed plaintiff's declaration to Mr. Oshan on the day of the call or the next day. Attorney Oshan was appointed to represent plaintiff in April 2009.

On April 18, 2010, the District Court in *Garrott v. LeFrancis* dismissed plaintiff's action for failure to exhaust administrative remedies. Plaintiff appealed to the Ninth Circuit, and the Ninth Circuit issued an Order on April 21, 2010, requiring plaintiff to complete an in forma pauperis authorization form and file it with the court within 21 days. Plaintiff did not timely file the authorization form requested by the Ninth Circuit and his appeal was dismissed by Order dated May 24, 2010. The Ninth Circuit reinstated plaintiff's appeal in *Garrott v. LeFrancis* on January 26, 2012.  Ultimately, the Ninth Circuit affirmed the dismissal of plaintiff's appeal on the grounds of failure to exhaust administrative remedies.

Defendant Bowen is not familiar with plaintiff and did not screen, approve, or finalize the transfer of plaintiff to CRCC in February 2010. Defendant Chun Fook is also not familiar with plaintiff and did not make the decision to transfer plaintiff to CRCC. She does not have the authority to transfer an inmate to another institution or order an inmate to be transferred to another institution.

Defendant Smith was the CRCC Mailroom Sergeant in 2010 and his job duties were to supervise mailroom staff and operations. According to mailroom records regarding the receipt of incoming mail, plaintiff received legal mail from the Ninth Circuit on April 12, 2010, which was received and electronically logged into the mail system. According to official CRCC records, the document was delivered to plaintiff in the segregation unit on the same day it was received. Plaintiff transferred to Airway Heights Corrections Center on April 13, 2010. It is

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

both DOC policy and the CRCC mailroom practice to forward inmates' legal mail as soon as possible after it is received. Defendant Smith does not recall being personally involved in forwarding any of plaintiff's mail to him after he transferred to AHCC in April 2010, and CRCC's official mail records do not show that plaintiff received any legal mail at CRCC from the Ninth Circuit after April 12, 2010. Defendant Smith has never intentionally delayed forwarding any inmate's legal mail.

Defendant Meade processes all outgoing and incoming mail on a daily basis at CRCC and is not familiar with plaintiff. On April 12, 2010, plaintiff received legal mail from the Ninth Circuit which was received and electronically logged into the Pitney Bowed Arrival program at CRCC. According to CRCC records, the document was delivered to plaintiff in the segregation unit on the same day it was received. Defendant Meade does not recall being personally involved in forwarding any of plaintiff's mail to him after he transferred to AHCC in April 2010, and CRCC's official mail records do not show that plaintiff received any mail at CRCC from the Ninth Circuit after April 12, 2010.

LEGAL ANALYSIS

1.    **First Amendment Claims**

    a.    **Retaliation**

Plaintiff argues that his February 2010 transfer to CRCC violated his First Amendment rights because the transfer was retaliatory and denied him access to the courts. Defendants argue plaintiff's First Amendment claims should be dismissed because: 1) the defendants in this case were not responsible for plaintiff's transfer to CRCC; 2) the decision to transfer plaintiff to CRCC was made only for legitimate penological reasons; and 3) the transfer did not violate plaintiff's rights of access to courts as plaintiff was represented by counsel in a pending federal case and such case was dismissed on its merits for reasons not related to plaintiff's transfer to CRCC.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

To establish a claim of retaliation, a prisoner must demonstrate that (1) the type of activity engaged in was constitutionally protected, and (2) the state impermissibly infringed upon the right to engage in the protected activity. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). As to the second element, the Ninth Circuit standard requires a prisoner to demonstrate that the prison authorities' retaliatory action did not reasonably advance legitimate goals of the correctional facility. *Id.* at 532; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Further, in order to maintain an action against an individual in a 42 U.S.C. § 1983 claim, the plaintiff must affirmatively produce evidence that the named defendant personally participated in a constitutional deprivation. *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987); *Tribble v. Gardner*, 860 F.2d 321, 327 (9th Cir. 1998).

In this case, there is no evidence that any of the named defendants caused plaintiff to be transferred from MICC to CRCC in February 2010. Further, there is no evidence that DOC officials transferred plaintiff from MICC to CRCC because he had engaged in constitutionally protected activity. MICC was downsizing in early 2010 and CRCC was opening new housing units that needed to be filled. A transfer for this purpose is a legitimate penological objective. Plaintiff did not have a right to be housed in a particular prison and could be transferred for any legitimate reason. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976); *Personal Restraint Petition of Mattenson*, 142 Wn.2d 298 (2000). Since there is no evidence or genuine issue of material fact as to whether plaintiff was transferred in retaliation for exercising constitutional rights, his retaliation claim is denied as a matter of law.

### b.   Denial of Access to Courts

Plaintiff alleges that he was denied access to his legal files and the law library at CRCC. He also alleges that mail sent to him at CRCC from the Ninth Circuit Court of Appeals was not timely forwarded to him at AHCC.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

To establish a violation of the First Amendment right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To assert an access to the courts claim, the plaintiff must possess a non-frivolous, arguable underlying cause of action, the presentation of which was prevented by the defendant. *See Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir.2006).

In this case, plaintiff has failed to allege an actual injury. His ability to litigate his 2007 federal civil action in another court was not impermissibly burdened by his prison transfer. In fact, plaintiff was represented by counsel at that time and defendant Noah took steps to assist plaintiff and his counsel in litigating plaintiff's active pending case. Plaintiff fails to demonstrate how his transfer to CRCC caused him any actual denial of access to courts or actual injury.  Plaintiff's pending civil case was dismissed on its merits and not due to interference by any defendants. Further, there is no evidence that any mail delivery delay alleged by plaintiff caused actual injury as plaintiff's Ninth Circuit appeal was reinstated and eventually denied on its merits. Because there is insufficient evidence from which a reasonable jury could find in favor of plaintiff, summary judgment is appropriate.

**2.    Qualified Immunity**

Defendants argue they are all entitled to qualified immunity from plaintiff's damage claims. As discussed above, defendants assert that plaintiff did not have a clearly established constitutional right to remain at MICC simply because he had a civil lawsuit pending in federal court, and that plaintiff did not have a clearly established constitutional right to greater access to his legal files and the CRCC law library than the access normally provided to other inmates who were recently transferred there.  Finally, defendants argue that plaintiff did not have a clearly established constitutional right to have his legal mail promptly forwarded to him by prison officials.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

Under the doctrine of qualified immunity, officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A trial court confronted with an assertion of qualified immunity should first determine whether the plaintiff has properly asserted a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). It is the plaintiff who bears the burden of proving that the specific right claimed was clearly established at the time of the alleged misconduct. *Davis v. Scherer*, 468 U.S. 183 (1984). Until this burden is met, the defendants are presumed to be immune from suit and entitled to dismissal. *American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md.*, 999 F.2d 780, 785 (4th Cir. 1993). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier,* 533 U.S. at 201.

Here, plaintiff has failed to meet his burden of proving a proper constitutional violation established at the time of his prison transfer. Plaintiff did not have a constitutional right to remain in MICC and not be transferred to CRCC. As such, the defendants are entitled to qualified immunity and are presumed to be immune from suit.

Accordingly**, IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Summary Judgment, ECF No. 79, is **GRANTED**.

2. The District Court Executive is directed to enter judgment in favor of defendant and against plaintiff.

//

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel and plaintiff, and close the file.

**DATED** this 19th day of August, 2014.



STANLEY A. BASTIAN
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9