UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RODNEY L. GARROTT,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN BOWEN, et al.,<br><br>    Defendants. | NO. 2:11-cv-00133-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO RECONSIDER AND TO AMEND COMPLAINT |

   BEFORE THE COURT is Plaintiff's Motion for Reconsideration, ECF No. 107; Motion to Supplement Plaintiff's Motion for Reconsideration, ECF No. 114; and Motion to Amend Complaint, ECF No. 115. On August 19, 2014 this Court granted Defendants' Motion for Summary Judgment, ECF No. 79, finding there was no evidence any of the named defendants caused the plaintiff to be transferred and no evidence his transfers were in retaliation for exercising constitutional rights rather than legitimate penological objectives. The Court also held that Plaintiff failed to allege an actual injury and failed to meet his burden to prove a clearly established constitutional violation necessary to defeat Defendants' qualified immunity.

   The standard for a Fed. R. Civ. P. Rule 60(b)(6) motion to reconsider requires a showing of "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation omitted). Reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error, or the initial decision was

ORDER DENYING PLAINTIFF'S MOTIONS TO
RECONSIDER AND TO AMEND COMPLAINT  ~ 1

manifestly unjust; or (3) there was an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In Plaintiff's Motion for Reconsideration he recounts his difficulties accessing his legal documents and the prison law library. Although these allegations are troubling, they are, in essence, the same allegations he put forth in his Motion for Extension of Time to File, ECF No. 84—albeit in more detail. This Court already addressed these matters in an Order on June 13, 2014. ECF No. 87.

The Plaintiff also includes three affidavits with his motion, two of which are from other inmates who allege similar treatment by prison officials. Again, while these allegations are troubling, they do not assist the Plaintiff in his Rule 60(b) motion. The two affidavits from other inmates would possibly be relevant if Plaintiff had filed a class action suit but are irrelevant to Plaintiff's own claim that his own constitutional rights were violated. Plaintiff has also not demonstrated that these affidavits were unavailable to him prior to this Court granting summary judgment. ECF No. 79.

Additionally, on October 6, 2014, Plaintiff filed a Motion to Supplement his motion to reconsider. ECF No. 114. With this motion, Plaintiff provides a letter from Douglas W. Carr, Assistant Attorney General for Washington. The letter objects to Plaintiff's fourth request for documents as untimely and also reveals the identity of the person who signed the response to an internal appeal filed by the plaintiff. Although summary judgment was granted, in part, because there was no evidence that any of the named defendants personally participated in an alleged constitutional violation, the identity of the person responsible for signing a response to an appeal does not rectify that deficiency, nor does it remedy Plaintiff's failure to establish other elements of his claim that would have been necessary to survive summary judgment.

ORDER DENYING PLAINTIFF'S MOTIONS TO
RECONSIDER AND TO AMEND COMPLAINT ~ 2

Although the Court is cognizant of the significant difficulties *pro se* litigants face in pursuing their claims, and of the particular difficulties Plaintiff has alleged in this case, it must deny Plaintiff's Rule 60(b)(6) Motion for Reconsideration.

On October 24, 2014, Plaintiff filed a motion requesting leave to file an amended complaint to add additional parties as defendants. ECF No. 115. That motion also alleges that Plaintiff suffered several more incidents of potentially unconstitutional action taken by corrections officers after the initial Complaint was filed. This motion is untimely. Defendant was already granted summary judgment on August 19, 2014. ECF. No. 115. Even were this case still pending, the alleged incidents took place shortly after January 2, 2013, and in June and July of 2014. Therefore, the motion to amend or add parties would be untimely even absent the grant of summary judgment. Justice does not require granting Plaintiff's tardy motion to amend and the Court denies Plaintiff's motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration, ECF No. 107, and Motion to Supplement Plaintiff's Motion for Reconsideration, ECF No. 114 are **DENIED**.

2. Plaintiff's Motion to Amend Complaint, ECF No. 115, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel and Plaintiff. This file shall remain **CLOSED**.

**DATED** this 27th day of October, 2014.



Stanley A. Bastian
United States District Judge

ORDER DENYING PLAINTIFF'S MOTIONS TO
RECONSIDER AND TO AMEND COMPLAINT ~ 3